UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL CUNNINGHAM,
                            Plaintiff,

          v.                                                         1:05-CV-1127

NEW YORK STATE DEPARTMENT OF LABOR;
LINDA ANGELLO, individually, and in her official
capacity for the New York State Department of
Labor; MARY HINES, individually, and in her
official capacity for the New York State
Department of Labor; PATRICIA RHODES-
HOOVER, individually, and in her official capacity
for the New York State Department of Labor,
                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

DONOHUE, SABO, VARLEY & HUTTNER, LLP    KENNETH G. VARLEY, ESQ.
Attorneys for plaintiff
24 Aviation Road, P.O. Box 15056
Albany, New York 12212

HON. ELIOT SPITZER                       JAMES J. SEAMAN, ESQ.
Attorney General of the State of New York
Attorneys for defendants
The Capital
Albany, New York 12224

DAVID N. HURD
United States District Judge

## MEMORANDUM DECISION and ORDER

## I. INTRODUCTION

       Plaintiff Michael Cunningham ("plaintiff" or "Mr. Cunningham") brings this action

against defendant New York State Department of Labor ("DOL"), and defendants Linda

Angello, Mary Hines, and Patricia Rhodes-Hoover, individually, and in their official capacities as agents of DOL, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1983, and the New York Human Rights Law ("NYHRL") . Plaintiff claims that defendants (1) discriminated against him based on race and sex; (2) aided, abetted, incited, compelled, and/or coerced the commission of discriminatory acts; (3) retaliated against him for engaging in protected activities; and (4) violated his constitutional right to equal protection of the laws.

Defendants move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12, subsections (b)(1) and (b)(6), for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted, respectively. Plaintiff opposes. Oral arguments were heard via video conference on February 3, 2006, in Utica and Albany, New York. Decision was reserved.

## II. **FACTS**[1]

Plaintiff, an African-American male, has been employed as Director of Office of Staff Organizational Development at DOL since 1988. Ms. Angello is plaintiff's supervisor and has been Commissioner of DOL since 2001. Ms. Hines is also plaintiff's supervisor and has been a deputy commissioner with DOL since 2001. At some time, plaintiff met with Ms. Hines to discuss his concern that there was a lack of hiring and promotion opportunities for minorities at DOL. At this meeting, plaintiff also expressed concern that all persons recently appointed to management positions at DOL were female. After this meeting, Ms. Hines's

---

[1] Since defendants have moved pursuant to Rule 12(b)(6), the factual allegations in the complaint must be accepted as true. Therefore, the following facts are taken directly from the complaint and stated as fact, as opposed to allegation. It should be noted that only plaintiff's factual allegations, as opposed to conclusory allegations or legal conclusions, are taken as true. See Pt. III.A. infra.

- 2 -

attitude toward plaintiff changed. Plaintiff and his staff were subjected to increased criticism, he was excluded from administrative staff meetings, and he was wrongly accused of leaking an asset management document to the press.[2]

Prior to February 2003, plaintiff was "verbally abused, treated with disrespect and excluded from significant policy making decisions." (Compl. ¶ 52.) On February 10, 2003, plaintiff filed a complaint with the United States Department of Labor Civil Rights Center claiming that he was subjected to a hostile work environment and retaliated against because of his race. Plaintiff also filed a complaint with the DOL Equal Employment Opportunity ("EEO") officer asserting the same grievances.

In April 2004, Mr. Cunningham's son was hired by DOL. Ms. Hines contacted plaintiff's immediate supervisor, James Leary, and complained about the hiring of plaintiff's son. At some point thereafter, plaintiff's son was terminated from his position with DOL.

In May 2004, plaintiff received an email from Ms. Hines requesting his presence at a prayer breakfast hosted by First Lady Laura Bush. Mr. Cunningham believed that this email was an "inappropriate and illegal" political communication and that Ms. Hines acted improperly in soliciting his attendance at the prayer breakfast. (Compl. ¶ 64.) As a result, plaintiff filed complaints with DOL and outside agencies regarding Ms. Hines's email.

Since the summer of 2004, plaintiff's supervisors have engaged in conduct which he claims constitutes discrimination and retaliation.[3] Plaintiff's office was moved from the

---

[2] It is unclear whether these events occurred before or after the February 10, 2003, complaints discussed infra.

[3] In the complaint, plaintiff does not directly attribute these actions to any particular person; however, it is reasonable to infer from the complaint that Ms. Hines and Ms. Angello, as his supervisors, were either directly or indirectly responsible for such actions.

fifth floor "executive level," to a smaller and more isolated office on the first floor. (Compl. ¶ 66(a).) He was denied the opportunity to temporarily fill the "Assistant Director" position. (Compl. ¶ 66(b).) His itineraries and calendars were regularly reviewed and questioned. Members of the DOL counsel's office attended meetings at which plaintiff was present. A member of the DOL "IAG office" was assigned to follow plaintiff and monitor his activities while on a trip to New York. (Compl. ¶ 66(e).) A counseling memorandum was improperly placed in his personnel file. A successful program he developed and administered was discontinued. It was suggested to plaintiff and his staff that their positions were not secure. Complaints were made to plaintiff's immediate supervisor regarding his travel to DOL offices in New York City and Syracuse, New York.

In August 2004, plaintiff filed numerous complaints with various bodies, including one with the Equal Employment Opportunity Commission ("EEOC") alleging that Ms. Hines retaliated against him for the complaints he filed on February 10, 2003.

On December 3, 2004, plaintiff's counsel sent a letter to Ms. Hines requesting that she "cease and desist her improper and retaliatory action towards plaintiff." (Compl. ¶ 67.) Ms. Hines did not respond to this letter. On July 12, 2005, plaintiff's counsel sent a letter to Ms. Angello requesting that she respond to the letter of December 3, 2004, and also address plaintiff's concerns. Ms. Angello did not respond to this letter.

At some point during the EEOC's investigation of plaintiff's claim, Ms. Rhodes-Hoover, who plaintiff alleges is counsel for DOL, intentionally provided misleading information to the EEOC. Ms. Rhodes-Hoover also sent letters and made telephone calls to the EEOC investigator's immediate supervisor, complaining that too much information was being requested from DOL and that the investigator seemed to be biased in favor of Mr.

Cunningham. As a result, the investigator did not visit the site to interview witnesses and was eventually removed from the case. Moreover, Ms. Rhodes-Hoover insisted that plaintiff receive a counseling memorandum regarding his trip to New York.

Plaintiff alleges that because of defendants' actions he has suffered stress, anxiety, and mental anxiety, conditions which require medical attention. Moreover, as a result of these conditions, Mr. Cunningham has missed an unspecified amount of work. The EEOC issued a Notice of Right to Sue on July 19, 2005, and plaintiff filed this action on September 7, 2005.

## III. DISCUSSION

### A. Motion to Dismiss Standard

On a motion to dismiss, the allegations in the complaint are accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995). However, factual allegations must be distinguished from "[c]onclusory allegations or legal conclusions masquerading as factual conclusions" as the latter will not be accepted as true. Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks omitted). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). Therefore, the defendants' present motion should only be granted if it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Grandon, 147 F.3d at 188; Goldman, 754 F.2d at 1065.

### B. Pleading Requirements

Federal Rule of Civil Procedure 8(a) provides, in relevant part, "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and [ ] a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). A complaint that is excessively confusing, ambiguous, vague, or unintelligible such that its substance is indiscernible, may properly be dismissed for failing to meet the pleading requirements of Rule 8(a). Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000). However, the pleading standard is a liberal one, Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998), requiring only that the plaintiff provide fair notice of the claim and the grounds upon which it rests, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002). See also Holmes v. N.Y. City Hous. Auth., 398 F.2d 262, 265 (2d Cir. 1968) (holding that the mere fact that some allegations in a complaint lack detail is not enough to warrant a dismissal).

Defendants move to dismiss plaintiff's complaint on the ground that it is so vague and lacking in substance that they are prevented from preparing a defense. While it cannot be said that plaintiff's complaint has been crafted with such precision and diligence that it is entirely free of ambiguity, it also cannot be said that it is so vague and lacking in substance that defendants are unable to prepare a defense. Thus, plaintiff's complaint will not be dismissed on this ground.

### C. Title VII Claims

Plaintiff claims that DOL discriminated against him on the basis of race and sex in violation of Title VII. Moreover, plaintiff claims that DOL retaliated against him for engaging in federally protected activities in violation of Title VII. As stated above, the pleading

- 6 -

standard is a liberal one, Cooper, 140 F.3d at 440, requiring only that the plaintiff provide fair notice of the claim and the grounds upon which it rests, Swierkiewicz, 534 U.S. at 512, 122 S. Ct. at 998. In this case, plaintiff has provided sufficient notice of the Title VII claims, and has alleged facts which, if true, could support a claim of discrimination and retaliation against DOL and entitle him to relief. Thus, plaintiff's Title VII claims will not be dismissed.

### D. Individual-Capacity Claims

Plaintiff claims that Ms. Angello, Ms. Hines, and Ms. Rhodes-Hoover in their individual capacities, (1) discriminated against him on the basis of race and sex in violation of NYHRL § 296(1)(a); (2) aided, abetted, incited, compelled, or coerced the commission of discriminatory acts in violation of NYHRL § 296(6); (3) retaliated against him for opposing discriminatory practices or engaging in protected activities in violation of NYHRL § 296(7); (4) deprived him of his equal protection rights afforded by the Constitution; and (5) retaliated against him for engaging in constitutionally protected speech.

In this case, plaintiff also provides sufficient notice of the individual-capacity claims, and alleges facts which, if true, could support such claims and entitle him to relief. Thus, plaintiff's claims against Ms. Angello, Ms. Hines, and Ms. Rhodes-Hoover in their individual capacities, will not be dismissed.

### E. Due Process Claim

Plaintiff's due process claim will be dismissed pursuant to his concession of such claim.[4]

---

[4] In his memorandum of law, plaintiff states the following: "Plaintiff would concede that his claim under § 1983 is limited to a denial of equal protection and the plaintiff does not intend to pursue a denial of due process claim." (Pl.'s Mem. 24 n.2.)

### F. Sovereign Immunity

The Eleventh Amendment to the United States Constitution[5] prohibits suits in federal court against state governments, as well as certain instrumentalities or agents thereof. U.S. Const. amend. XI; Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429, 117 S. Ct. 900, 903 (1997); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55, 105 S. Ct. 2018, 2035 n.55 (1978) (holding that official-capacity suits are really suits against the state). For Eleventh Amendment purposes, a suit is against an instrumentality or agent of a state if the suit seeks monetary recovery from the state. Regents of the Univ. of Cal., 519 U.S. at 429, 117 S. Ct. at 903-04; see Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). However, sovereign immunity under the Eleventh Amendment is not absolute; rather, it can be abrogated by Congress or waived by states. Close v. State of New York, 125 F.3d 31, 36 (2d Cir. 1997) (citing Fitzpatrick v. Bitzer, 427 U.S. 445, 452-56, 96 S. Ct. 2666, 2669-71 (1976)).

In this case, plaintiff has filed suit against DOL, and against Ms. Angello, Ms. Hines, and Ms. Rhodes-Hoover in their official capacities as agents of DOL. To be sure, DOL is an instrumentality of the State of New York ("State"), and Ms. Angello, Ms. Hines, and Ms. Rhodes-Hoover are agents of that instrumentality. Also, plaintiff seeks monetary recovery which, if granted, would be paid out of the State treasury. Finally, the State has not waived its sovereign immunity with respect to any of plaintiff's claims, and Congress has not abrogated such immunity with respect to any of plaintiff's claims, except those brought

---

[5] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State." U.S. Const. amend. XI.

against DOL pursuant to Title VII.  Therefore, with the exception of the Title VII claims against DOL and the claims against Ms. Angello, Ms. Hines, and Ms. Rhodes-Hoover in their individual capacities, the remaining claims are barred pursuant to the Eleventh Amendment.

Thus, plaintiff's complaint will be dismissed in part on this ground.

## IV. CONCLUSION

Plaintiff has sufficiently stated claims upon which relief can be granted, except that there is no subject matter jurisdiction with respect to those claims barred pursuant to the Eleventh Amendment.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss will be GRANTED in part, and DENIED in part;

2. All claims against DOL pursuant to NYHRL § 296 are DISMISSED;

3. All claims against Ms. Angello, Ms. Hines, and Ms. Rhodes-Hoover in their official capacities as agents of DOL, are DISMISSED;

4. Defendants' motion to dismiss the claims pursuant to Title VII, 42 U.S.C. § 2000e is DENIED;

5. Defendants' motion to dismiss the claims against Ms. Angello, Ms. Hines, and Ms. Rhodes-Hoover in their individual capacities, is DENIED; and

      6. Defendants are directed to file and serve an answer to the remaining claims on or before September 22, 2006.

      IT IS SO ORDERED.

_____
United States District Judge

Dated: September 12, 2006
       Utica, New York.